# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KOSTADINKA ATANASOVSKA, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:20-cv-02746-JTF-tmp |
| | ) |
| WILLIAM P. BARR; CHAD F. WOLF; | ) |
| KENNETH T. CUCCINELLI, II; MARK | ) |
| KOUMANS; CHRISTOPHER A. WRAY; | ) |
| and DESHAWNA WILLIAMS, | ) |
| | ) |
|   Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction, and, alternatively, Motion to Affirm Agency Decision, filed on July 18, 2022. (ECF No. 24.) Plaintiff filed a Response on September 14, 2022. (ECF No. 28.) Defendants filed a Reply on October 18, 2022. (ECF No. 31.) For the following reasons, Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** in its entirety with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## FACTUAL BACKGROUND

Plaintiff filed her complaint on March 22, 2020 challenging Defendants' determination that she is not eligible for approval of her Form I-485, Application for Adjustment of Status, under the Immigration and Nationality Act ("INA"). (ECF No. 1, ¶ 3.) Plaintiff is a native and citizen of Macedonia, who initially entered the United States with an F-1 student visa. (*Id*. at ¶ 5.) In 2006, Plaintiff admitted to altering a signature and date on her Form I-20 when she realized that she had forgotten to acquire the necessary current document in order to travel home and be readmitted to

the United States.(*Id*) On August 28, 2019, the United States Citizen and Immigration Services ("USCIS") denied Plaintiff's Adjustment of Status Application finding that she gave "false testimony under oath with the intent to obtain an immigration benefit". (*Id*. at ¶ 8.) USCIS made this decision because Plaintiff responded "No" to questions regarding ever submitting fraudulent documentation or lying to try and gain entry into the United States. (*Id.*) On September 26, 2019, Plaintiff submitted an I-290B, Motion to Reopen and Reconsider. (*Id*. at ¶ 9.) On November 4, 2019, USCIS dismissed the Motion to Reopen and Reconsider and affirmed the underlying Decision. (*Id*. at ¶ 10.)

Plaintiff filed her Complaint in federal court seeking review of the USCIS decision, and attempting to invoke subject matter jurisdiction under 28 U.S.C. § 1331, the INA, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. (ECF No. 1, ¶ 3.) On January 18, 2022, Defendants filed an Unopposed Motion to Stay pending the Supreme Court's ruling in *Patel v. Garland*, 142 S.Ct. 1614, 1615 (2022). (ECF No. 19, 1.) Defendants explained, "The extent of federal court jurisdiction to review applications for relief under section 1255 (adjustment of status) is currently before the United States Supreme Court." (*Id.* at 3.) On May 16, 2022, the Supreme Court issued a ruling in the *Patel v. Garland* matter holding that, "Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under Immigration and Nationality Act (INA) provision allowing for adjustment of status to that of person admitted for permanent residence and the other provisions enumerated in INA provision prohibiting judicial review of any judgment regarding the granting of discretionary relief from removal." *Patel*, 142 S.Ct. at 1627.

Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and, alternatively, Motion to Affirm Agency Decision on July 18, 2022. (ECF No. 24.) Plaintiff filed

a Response on September 14, 2022. (ECF No. 28.) Defendants filed a Reply on October 18, 2022. (ECF No. 31.)

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. A Rule 12(b)(1) motion challenges the court's statutory or constitutional power to adjudicate the case. 2 Moore's Federal Practice §12.30[1] (3rd Ed. 2010). A dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of a plaintiff's case but merely a determination that the court lacks the authority to hear the case. *Wilkins v. Jakeway*, 183 F.3d 528, 533-534 (6th Cir. 1999). Lack of subject matter jurisdiction may not be waived. *Id*.

When a Rule 12(b)(1) motion attacks the factual basis for subject matter jurisdiction, the trial court must weigh the evidence and the plaintiff bears the burden of showing that jurisdiction exists. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citing *inter alia*, *RMI Titanium Co. v. Westinghouse Elec. Corp*, 78 F.3d 1125, 1133-35 (6th Cir. 1996)). If a court determines, based on the facts, that it lacks subject matter jurisdiction, the action must be dismissed. *Id.*

## ANALYSIS

In its Motion to Dismiss, Defendant suggests that the ruling in *Patel* would be highly instructive on this Court's ability to assert subject matter jurisdiction over this case. (*Id.* at 4.) Defendant is correct. The facts in *Patel* are similar to the facts at hand. The plaintiff applied to United States Citizenship and Immigration Services for discretionary adjustment of status under 8 U.S.C. § 1255, which would have made him a permanent resident. *Patel*, 142 S. Ct. at 1615. However, the plaintiff had previously checked a box on a Georgia driver's license application falsely stating that he was a United States citizen. (*Id*.) As a result, his adjustment of status

3

application for permanent residency was denied. (*Id.*) Like the Plaintiff in the instant case, the plaintiff in *Patel* also argued that the fraudulent answer was a mistake. (*Id.* at 1620.) The Board of Immigrations Appeals dismissed the plaintiff's appeal. (*Id.*) The plaintiff petitioned the Eleventh Circuit for review, where a panel of that court held that it lacked jurisdiction to consider his claim. (*Id.*) The Eleventh Circuit reasoned, "that the factual determinations of which Patel sought review—whether he had testified credibly and whether he had subjectively intended to misrepresent himself as a citizen—each qualified as an unreviewable judgment." (*Id.*)

Plaintiff's complaint "challenges Defendants' finding that Plaintiff is ineligible for adjustment of status" and seeks to invoke jurisdiction under 28 U.S.C. § 1331, the INA, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. (ECF No. 1, ¶ 3, ¶ 15.) Plaintiff argues that her claim is distinguishable from *Patel* because "she was not denied discretionary relief before an immigration judge in removal proceedings, as is required by the plain reading of INA § 1252." (ECF No. 28, 5.)

The Court does not believe that *Patel* is distinguishable because it involved a removal proceeding as opposed to the USCIS's denial of Plaintiff's Application for Adjustment of Status or Motion to Reopen and Reconsider. All appear to be discretionary-relief proceedings which the Supreme Court instructs that "Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under Immigration and Nationality Act (INA) provision allowing for adjustment of status to that of person admitted for permanent residence and the other provisions enumerated in INA provision prohibiting judicial review of any judgment regarding the granting of discretionary relief from removal." *Patel*, 142 S. Ct. at 1627. The Court's ruling in *Patel* prevents this Court from reviewing Defendants' findings of fact. As a result, the Court does not have subject matter jurisdiction over Plaintiff's complaint.

## **CONCLUSION**

Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 8th day of November, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE